IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EXTREME NETWORKS, INC.,

                                           ORDER

            Plaintiff and Counter Defendant,

                                       3:07-cv-00229-bbc

      v.

ENTERASYS NETWORKS, INC.,

           Defendant and Counter Plaintiff.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

For several months this suit for patent infringement has been proceeding with relative smoothness.  Now, with the summary judgment deadline a month away, three motions are before the court, all of them related to efforts by plaintiff to expand the scope of the suit.

First is plaintiff's motion for leave to file an amended answer to defendant's counterclaims. Plaintiff seeks to make two amendments: (1) a request for a declaratory judgment for noninfringement and invalidity; and (2) an affirmative defense of inequitable conduct.  (In a motion to "supplement" the first motion, plaintiff seeks leave to file both an amended complaint and an amended answer: the amended complaint to address the request for a declaratory judgment and an amended answer to address the new affirmative defense.)

1

With respect to plaintiff's first requested amendment, defendant puts up little fight. Because plaintiff had already included noninfringement and invalidity as affirmative defenses, simply seeking a request for a declaratory judgment on these issues will cause no disruption to the case or unfair prejudice to defendant. Accordingly, I will grant plaintiff's motion for leave to file an amended complaint that includes the request for a declaratory judgment.

The new affirmative defense is another matter. As plaintiff concedes, the deadline for filing an amended pleading expired more than five months before plaintiff filed its motion. Plaintiff's explanation for failing to seek amendment earlier is conclusory and unpersuasive. Most of the information plaintiff cites in support of a new inequitable conduct defense comes from the prosecution history itself, which is a public document to which plaintiff has had access to since even before it filed this lawsuit. Plaintiff says only that it "confirmed" its belief of inequitable conduct during a November 27, 2007 deposition. It does not identify the new testimony, explain why it needed the new evidence to assert the defense or provide a justification for failing to conduct the deposition sooner.

Plaintiff's assurances that defendant will not be unfairly prejudiced are similarly unpersuasive. Plaintiff repeatedly emphasizes that trial is not scheduled until May 2008, but this overlooks the deadline for summary judgment motions (which is January 31) and the deadline for filing expert reports (which has already passed). Thus, unfair prejudice is

2

guaranteed.  Defendant's motion for leave to amend its pleadings to include the new affirmative defense will be denied.  Sound of Music Co. v. Minnesota Mining & Manufacturing Co., 477 F.3d 910 (7th Cir. 2007) (motion for leave to amend may be denied if proposed amendment is untimely and would cause unfair prejudice).

The second motion was filed by defendant to preclude plaintiff from asserting six new claims for infringement, increasing the number from 11 to 17.  Plaintiff's first argument in opposition to defendant's motion is that it has no deadline for asserting new claims.  It points out that this court set no deadline in its preliminary pretrial conference order that applied explicitly to new claims and it believes that it was not required to amend its complaint in order to assert new claims.

Plaintiff's position is completely untenable.  First, plaintiff cites no authority for its view that identification of asserted claims is exempt from the requirements of notice pleading.  Although I am unaware of any cases from the Court of Appeals for the Federal Circuit addressing this issue, there is a strong argument that such information *is* required by Rule 8 to be included in the complaint.  As I noted in Ricoh Co., Ltd. v. Asustek Computer, Inc., 481 F. Supp. 2d 954, 959 (W.D. Wis. 2007), "[a]lthough pleading standards under Fed. R. Civ. 8 are liberal, a plaintiff must provide notice of its claim so that the other side may prepare a defense."  In Ricoh, I concluded that, "[i]n the context of alleged patent infringement, [notice] means at least that the plaintiff must tell the defendant which

3

products allegedly infringe the plaintiff's patent. Failing to identify the infringing product in a patent case is akin to failing to identify the retaliatory action in a civil rights case." Id. (citing Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002). The same could just as easily be said about claims. As this case demonstrates, if a defendant does not have notice of the asserted claims, it has no notice at all. If it does not know what it is accused of infringing, it cannot possibly prepare a defense.

However, even if Rule 8 does not extend to claims in a patent, I cannot agree with plaintiff that a party may assert new claims at any point in the litigation. This would cause significant unfair prejudice to the other side and give a perverse incentive to plaintiffs to withhold notice of the new claim until the last possible moment. That cannot be the law.

Plaintiff says that it did not obtain the necessary information it needed to assert the new claims until after it conducted depositions under Fed. R. Civ. P. 30(b)(6) in late November and after it recently received certain documents from defendant, but neither of these excuses justifies defendant's untimeliness. If plaintiff was not getting documents necessary to develop its case, the appropriate response was a motion to compel, which it never filed. Further, plaintiff admits that it did not schedule its 30(b)(6) depositions until *after* the claims construction hearing. Certainly, by the time the claims construction hearing has been held, the parties' claims should be fully developed. Claims construction is a crucial point in the litigation, in which the parties have their opportunity to define the contours of

4

the claims to determine whether the accused devices infringe and whether the asserted claims are invalid.  It is for this reason that claims construction is separated from summary judgment: so that the parties can use the decision on claims construction to prepare their export reports in anticipation of their arguments regarding infringement and validity.

New claims almost necessarily mean new terms that require construction.  Plaintiff does not deny this; in fact, it appears to concede in its response to defendant's motion that additional claim construction will be required. Thus, allowing defendant to introduce new claims at this point in the litigation would almost certainly cause havoc in the case, requiring new expert reports and making summary judgment on the new claims much more difficult, if not impossible.  Because plaintiff has unduly delayed in asserting its new claims and allowing it to assert them now would unfairly prejudice defendant, I will grant plaintiff's motion.

ORDER

IT IS ORDERED that

1.  Plaintiff Extreme Network, Inc.'s motions to amend its pleadings, dkt. #61, and to supplement that motion, dkt. #76, are GRANTED IN PART.  Plaintiff is granted leave to amend its complaint to assert a claim for a declaratory judgment; the amended complaint

attached to plaintiff's motion to supplement is ACCEPTED as the operative pleading in the case.  Plaintiff's motions are DENIED in all other respects.

2.  Defendant Enterasys, Inc.'s motion to preclude plaintiff from asserting new claims, dkt. #64, is GRANTED.  Both parties are limited to asserting those claims identified as of the date of the claims construction hearing.

Entered this 31st day of December, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

6