IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EXTREME NETWORKS, INC.,

        Plaintiff,

v.

ENTERASYS NETWORKS, INC.,

        Defendant.

ORDER

07-C-229-C

---

On March 5, 2008, this court held a telephonic hearing on defendant's motion to compel discovery (dkt. 181) and motion to compel the deposition of a Rule 30(b)(6) witness (dkt. 183). Both sides were represented by counsel.

In a free-wheeling discussion, it became apparent that most of the issues raised in the motion had been resolved by further discussions between the parties. This obviated the deposition motion, which I am denying as moot.

The motion to compel additional document disclosures is granted in part and denied in part as discussed at the hearing. Plaintiff has until March 7, 2008 within which to confirm the currently-stated deadlines on product markings. Whether plaintiff confirms these dates or states new dates, March 14, 2008 is the deadline for final production of all documents relevant to these marking dates.

Plaintiff shall disclose in a limited fashion all six of its "litigation licenses." Until the court orders otherwise, or the parties reach an agreement, defendant shall designate one attorney

as its license reviewer, and that attorney shall be walled off from the litigation team in this lawsuit barring further court order. Plaintiff must provide to this attorney for review the six specified litigation licenses. At this time, plaintiff need not provide copies to defendant's attorney to keep in files. After reviewing the documents, defendant's designated attorney may petition the court for further dissemination of the agreements, which plaintiff then must provide to the court *ex parte* for *in camera* review. What happens next depends on what defendant's designated attorney requests and how the court responds.

The parties noted percolating discovery concerns related to expert witness depositions and the number of interrogatories that might be appropriate in a case of this nature. At this juncture, the court can offer nothing more than its usual platitudes that it expects the parties to be reasonable and flexible in their approach to discovery. With the discovery cutoff looming on April 18, 2008 and trial firmly set for May 19, 2008, the court will make itself available on short notice to referee any additional discovery disputes that may arise and may require judicial intervention. Each side will bear its own costs on the instant brace of motions.

Entered this 7th day of March, 2008.

BY THE COURT:

STEPHEN L. CROCKER
Magistrate Judge