IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EXTREME NETWORKS, INC.,

                                                 ORDER

           Plaintiff and Counter Defendant,

                                    07-cv-229-bbc

      v.

ENTERASYS NETWORKS, INC.,

           Defendant and Counter Plaintiff.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Although a certain amount of contention between the parties is inevitable in litigation, in this case I am beginning to feel like a kindergarten teacher arbitrating a playground dispute. What should be a very simple issue requiring minimal court intercession has devolved into a fully briefed motion with much name calling on both sides.

The dispute giving rise to the motion before the court centers on defendant's counterclaims for infringement of U.S. Patent No. 6,041,042 and plaintiff's request for a declaratory judgment that the '042 patent is invalid. Both parties agree that these claims should be dismissed, so what is the fight about?

It appears that plaintiff began the silliness by refusing to stipulate even to a dismissal

1

with prejudice of the infringement claim unless defendant agreed to enter into a covenant not to sue plaintiff under the '042 patent not just with respect to current products, but future products as well.  Without such a promise, plaintiff wished to reserve its right to seek attorney fees as a "prevailing party" in an "exceptional case" under 35 U.S.C. § 3585.

Although plaintiff's position may have been unreasonably demanding, defendant's response is even sillier.  It now seeks to dismiss its infringement counterclaims under the '042 patent *without prejudice*, even though it concedes that it is seeking to withdraw its counterclaims in part because of an unfavorable claim construction ruling and in part because it learned in discovery that plaintiff's products do not include all the elements of the '042 patent.  Not only would it be unfairly prejudicial to allow defendant to reassert its claims at a later date, but it would be pointless as well, given defendant's concession regarding the operation of plaintiff's products.  Defendant's position is made even more baffling by a release it signed in December 2007 in which it "unconditionally and irrevocably agree[d] not to assert any claims of patent infringement . . . against [plaintiff] under the '042 Patent as it currently reads."  Dkt. #104, exh. A.

It appears that defendant's sole reason for seeking dismissal without prejudice is that it believes such a dismissal will make it more difficult for plaintiff to seek attorney fees.  Whether this is true or not, it is not a ground for preserving a right to sue at a later date.  Although it seems highly unlikely that I would award attorney fees under § 3585 if

defendant relied on plaintiff's own documents for its initial belief of infringement, dkt. #104, at 2-3, that is a determination to be made at the close of the case, not now.

Accordingly, defendant's counterclaims for infringement of the '042 patent will be dismissed with prejudice. With respect to plaintiff's claims for invalidity of the '042 patent, the parties agree that these claims should be dismissed as well and that the dismissal should be without prejudice.


ORDER

IT IS ORDERED that defendant Enterasys Networks, Inc.'s motion to dismiss its claims for infringement under the U.S. Patent No. 6,041,042 and plaintiff Extreme Networks, Inc.'s claims for invalidity of the '042 patent, dkt. #103, is GRANTED. Defendant's claims are DISMISSED with prejudice; plaintiff's claims are DISMISSED without prejudice.

Entered this 9th day of April, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3