IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EXTREME NETWORKS, INC.,

                                            ORDER

        Plaintiff and Counter Defendant,

                                          07-cv-229-bbc

    v.

ENTERASYS NETWORKS, INC.,

        Defendant and Counter Plaintiff.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Trial is scheduled to begin in this case on May 21.  In what may be a first in this court, defendant Enterasys Networks, Inc. has filed motions asking the court to (1) sever from this case counterclaims that were dismissed at summary judgment; (2) reconsider the dismissal of those claims; (3) reopen discovery; and (4) allow the preparation of new expert reports.  These motions (dkt. ## 313 and 315) are DENIED.

        Defendant had ample opportunity in its hundreds of pages of summary judgment briefs (850 in total between the parties) and thousands of proposed findings of fact to show that it was entitled to a trial on its counterclaims, but it failed to do so.  None of the arguments in its motions suggest that it is appropriate to grant defendant the extraordinary

1

relief it now seeks.

In the summary judgment order, dkt. #237, I concluded that defendant had failed to show that a reasonable jury could find that any of the accused devices included the elements of (1) "a device which is capable of acting as a bridge . . . said device comprising . . . bridge circuitry causing said device to act as a bridge recognizing and forwarding user data packets conforming to at least a second protocol suite," with respect to the '727 patent or a (2) "digest" with respect to the '181 patent. Defendant challenges both of these conclusions.

With respect to the element of "acting as a bridge," defendant says that it was completely blindsided by the court's determination that the invention acts as a bridge because it recognizes a particular protocol suite. Defendant's position is more than a little disingenuous. In its summary judgment brief (or one of them, both parties filed several), dkt. #159, at 27-35, defendant only half-heartedly advanced a contrary interpretation. It devoted much of its argument regarding infringement of the '727 patent to defending its view that plaintiff's products infringe even under the interpretation of the claims that I adopted.

Even if I agreed with defendant that it could not have foreseen the court's interpretation of the claims in the summary judgment opinion, defendant fails to show how it was prejudiced by that interpretation. Defendant insists that had it known in advance,

2

it would have filed a different expert report, but doing so would have changed nothing. I did not rely on an expert's opinion in granting summary judgment to plaintiff. The undisputed facts showed that plaintiff's products used the MAC address, not the protocol suite, to determine whether to act as a bridge.

Defendant now advances a two-part argument challenging my factual conclusion. It asserts that (1) there was evidence in the record showing that some of plaintiff's products use the protocol suite to determine whether to act as a bridge; and (2) to the extent the record is deficient, this is so because defendant did not know it needed to take discovery on that topic. Unfortunately for defendant, even if both of these contentions are true, defendant forfeited its right to assert them by failing to raise them at summary judgment.

In plaintiff's summary judgment submissions, it proposed a number of facts supporting its view that the accused devices use the MAC address rather than the protocol suite to determine whether to act as a bridge. Plt.'s PFOF, dkt. #145, ¶¶ 246, 250-256. In its responses to these proposed facts, defendant neither disputed the facts directly nor sought relief under Fed. R. Civ. P. 56(f) on the ground that it had been unable to obtain the necessary to discovery to dispute the proposed facts properly. Instead, defendant repeated the same response over and over again: the "Extreme Accused Products perform more functions than simply reviewing the MAC address of received packets." Dft.'s Resp. to Plt.'s PFOF dkt. #160, ¶¶246, 250-256. But as plaintiff pointed out in its replies, defendant's

3

position was nonresponsive. Saying that the accused devices do more than just review the MAC address does not establish that the accused devices use the protocol suite to make a decision. (Defendant repeated a number of other statements in its responses to these proposed findings of fact, but none of them refuted plaintiff's facts.) Even if there were other evidence lurking in the record to support an opposing view, I was entitled to rely on the parties' proposed findings of fact to determine whether a genuine dispute existed. Chelios v. Heavener, – F.3d – , 2008 WL 746842, *5 (7th Cir. Mar. 21, 2008) ("Given the often daunting nature of motions for summary judgment, we have emphasized the importance of local rules and have consistently and repeatedly upheld a district court's discretion to require strict compliance with its local rules.") (internal quotations omitted). It is far too late for defendant to supplement its responses now.

In concluding that defendant failed to show that plaintiff's products had a "digest" as required by the asserted claims of the '727 patent, I wrote:

> Defendant says that the term "digest" should be given its "plain and ordinary meaning," which it says is "a summation, condensation or collection of information." Dkt. #159, at 11. Defendant then argues that the contents of the headers in the accused devices meet this definition. Unfortunately for defendant, this argument is flatly inconsistent with the claim language, which makes it clear that the digest is a structure and not the contents of the structure. In claims 1, 6 and 7 the digest is described as " containing network protocol processing information" or " containing network communication protocol information." Thus, the digest cannot be the contents themselves; it must be what holds the contents.
>
> The difficulty of defendant's position is demonstrated by its view that the

4

contents of the headers also satisfy the "network protocol processing information" limitation. To accept defendant's argument, I would have to conclude that the "digest" and the "network protocol processing information" are one and the same thing, making the digest limitation superfluous. This would be contrary to law. <u>Bicon, Inc. v. Straumann Co.</u>, 441 F.3d 945, 950 (Fed. Cir. 2006) ("claims are interpreted with an eye toward giving effect to all terms in the claim").

Because defendant concedes that the digest limitation is not met by the headers themselves, <u>e.g.</u>, dkt. #159, at 12 ("Neither Enterasys or its expert contends that the AFH [header] is the digest of the '181 claims."), it cannot prevail on its claims for infringement under the '181 patent.

Defendant wishes to take back its concession now, arguing that the headers of some of plaintiff's products satisfy the "digest" limitation. Again, it is too late. Defendant could have made arguments in the alternative in its summary judgment submissions that either the headers of plaintiff's products or their contents could meet the requirements of the claims, but it failed to do so. Parties may not use motions for reconsideration as an opportunity to contradict positions they took at summary judgment.

ORDER

Defendant Enterasys Networks, Inc.'s motion to sever its counterclaims, reconsider the dismissal of the counterclaims, reopen discovery and allow the preparation of new expert

5

reports are DENIED.

Entered this 15th day of May, 2008.

>BY THE COURT:
>/s/
>BARBARA B. CRABB
>District Judge