IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EXTREME NETWORKS, INC.,

                                                                          OPINION AND ORDER

        Plaintiff,

                                                                        07-cv-229-bbc

    v.

ENTERASYS NETWORKS, INC.,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A jury awarded plaintiff Extreme Networks, Inc. approximately $200,000 for defendant Enterasys Networks, Inc.'s infringement of three patents relating to management of network traffic: U.S. Patents Nos. 6,104,700, 6,678,248, and 6,859,438. In an order dated October 29, 2008, I denied defendant's motion for judgment as a matter of law, granted in part plaintiff's motion for a permanent injunction and denied plaintiff's request for attorney fees. Dkt. #436. Now before the court are the following motions:

-    Defendant's motion for a new trial and request for a hearing (dkt. #451);
-    Defendant's motion to modify the terms on the injunction (dkt. #438);
-    Plaintiff's motion to modify the terms of the injunction (dkt. #446);

1

- Defendant's motion to stay the injunction pending appeal (dkt. #440);
- Plaintiff's motion to strike the declaration of defendant's expert, filed in support of defendant's motions to modify and stay the injunctions (dkt. #448);
- Plaintiff's motion for supplemental damages and interest (dkt. #460).

I have stayed the injunction pending resolution of these motions. Dkt. #445.

For the reasons discussed below, I will deny defendant's motion for a new trial, plaintiff's motion to modify the injunction and plaintiff's motion to "strike" the affidavit of defendant's expert; I will grant in part defendant's motion to modify the injunction and plaintiff's motion for supplemental damages and interest; and I will grant defendant's motion to stay the injunction pending appeal.

### A. Defendant's Motion for a New Trial

A court may grant a new trial if the verdict is against the clear weight of the evidence or if the trial was unfair to the moving party. David v. Caterpillar, 324 F.3d 851, 863 (7th Cir. 2003). As defendant acknowledges, many of its arguments for a new trial are the same arguments that I rejected in the context of its Rule 50 motion. It is unnecessary to consider these arguments again. Williams v. Liefer, 491 F.3d 710, 716 (7th Cir. 2007). I consider the few remaining arguments below.

2

1. <u>Testimony of plaintiff's expert</u>

The gist of defendant's argument on this issue is that the court erred in allowing plaintiff's expert, Nathaniel Davis, to use documents prepared by plaintiff and Broadcam to give opinions about the way defendant's products functioned. This is an only slightly repackaged version of an argument it made at summary judgment and in its Rule 50 motions. Again, defendant cites no authority for the proposition that plaintiff's method of proof was inadequate as a matter of law. To the extent defendant believed that its own documents did not accurately describe how its products function, it was free to challenge Davis's conclusions with its own evidence of the actual functioning of the devices. It is not entitled to a new trial simply because the jury did not find its presentation persuasive.

Defendant also says that it was error to allow Davis to testify *at all* because he did not meet the standard for a person of ordinary skill in the art. This is an odd argument for defendant to be making in the context of a Rule 59 motion because it never raised the argument before. Defendant attempts to justify the untimely nature of this argument through a convoluted discussion regarding a change that plaintiff made to its proposed jury instructions for the meaning of "person of ordinary skill in the art." This is nonsense. At no point was defendant bound by plaintiff's understanding of that term; defendant had an obligation to advocate its own view of the correct instruction. If defendant believed that Davis was not a person of ordinary skill in the art, it should have raised that issue in limine

3

rather than wait until it was too late to do anything about it.  That argument is forfeited.


2.  Exclusion of defendant's expert

At the final pretrial conference, I granted plaintiff's motion to exclude the testimony of defendants' expert Barbara Fredericksen on the ground that defendant had failed to show that she was qualified to testify about issues related to this case. The materials it submitted in response to plaintiff's motion in limine simply did not provide a basis to conclude that her testimony would assist the jury in determining infringement or invalidity.  My explanation for this conclusion is set forth in the final pretrial conference order, dkt. #348, and on the record at the conference.  There is no need to repeat that discussion here.  To the extent defendant is raising new arguments to bolster its position, it has forfeited these by failing to present them before the in limine ruling.


3. Evidentiary objections

Defendant raised two evidentiary objections in its opening brief, one related to admission of a Broadcom document "PX 633" and the other relating to the testimony of Stephen Haddock.  Neither of these arguments made much sense.  In any event, defendant abandoned these objections in its reply brief by failing to discuss them at all despite a lengthy defense of the evidence by plaintiff in its brief.  Cincinnati Insurance Co. v. Eastern

4

Atlantic Insurance Co., 260 F.3d 742, 747 (7th Cir. 2001).

4. Conduct of plaintiff's counsel

Defendant argues that two actions by counsel for plaintiff during the trial entitle it to a new trial: (1) making remarks expressing "disbelief at the content of [defendant's counsel's] closing argument"; and (2) communicating with plaintiff's expert during a break. Again, defendant abandoned these arguments in its reply brief, but they are frivolous in any event. To begin with, defendant did not object to any statements counsel made during closing arguments; even if it had, there was nothing out of the ordinary about the comments of plaintiff's counsel. When counsel for defendant argued in its closing that the jury must return a verdict in defendant's favor if the jury did not understand plaintiff's evidence, counsel for plaintiff responded, unsurprisingly, that defendant did not think the jury was "smart enough" to understand the case. The jury was entitled to evaluate that characterization for itself. Although I agree with defendant that it was inappropriate for plaintiff's counsel to speak to his expert during a break, the expert testified under oath that the conversation was unrelated to the substance of his testimony. It is difficult to understand how such a conversation could have had any prejudicial effect on defendant's case.

5

B. Motions to Modify the Injunction

The October 29 order included the following injunction:

- Defendant, defendant's officers, agents, servants, employees, attorneys and other persons who are in active concert or participation with them who receive actual notice of this order are permanently enjoined from manufacturing, using, offering to sell, or selling in the United States, or importing into the United States, the X-Pedition 8000, the X-Pedition 8600, and the Matrix X series products, either alone or in combination with any other product and any other existing or future product that is not more than a colorable variation of the X-Pedition 8000, the X-Pedition 8600 and the Matrix X series products.

- Defendant shall destroy its existing inventory of the X-Pedition 8000, the X-Pedition 8600 and the Matrix X series products within ten days of the final resolution of any appeal by defendant.

- Within ten days of this order, defendant shall provide written notice of the order and injunction to its officers, agents, servants, employees, attorneys and other persons who are in active concert or participation with them.

Both parties seek to modify the injunction. Defendant asks that it be permitted to do four things prohibited by the injunction:

(1) Use Matrix X routers and X-Pedition routers, either those at its own facility or those of its customers, to perform diagnostic testing as part of providing customer service to its past/existing customers who identify problems with these products to Enterasys;

(2) Use Matrix X routers and X-Pedition routers in Enterasys' own internal network;

(3) Allow Enterasys to sell Matrix X routers to third party resellers, where those products are to be resold to the federal government; and

(4) More generally, allow Enterasys to use Matrix X routers and X-Pedition routers in the United States.

6

Dkt. #439, at 2.  Plaintiff's motion is the inverse of defendant's first request.  Plaintiff wishes to expand the injunction so that defendant is enjoined from selling, making or using "component, repair or replacement parts for the Infringing Products or repair or maintenance services for the Infringing Products."

Defendant's first two requests are reasonable modifications.  Plaintiff is simply twisting the knife by objecting to these requests and seeking to prevent defendant from servicing customers and using its products internally.  Plaintiff identifies no harm that it will suffer if the injunction is modified in these ways; its only benefit is to cripple defendant in maintaining relationships with its customers and make it more difficult generally for defendant to conduct business.  The purpose of an injunction is not to punish the defendant but to prevent irreparable harm to the plaintiff.  Because plaintiff identifies no such harm with respect to defendant's first two requests, I will grant that part of defendant's motion and deny plaintiff's motion to modify the injunction.

Defendant's third and fourth requests for modification will be denied.  With respect to its fourth request, defendant fails to identify any legitimate "use" of the infringing products that is not covered by its first and second requests.  Thus, that request will be denied as unnecessary. Defendant relies on 28 U.S.C. § 1498(a) for its third requested modification:  permission "to sell Matrix X routers to third party resellers, where those products are to be resold to the federal government."  Under that statute, a patent owner

7

may not sue for infringement in federal district court when an infringing produced "is used or manufactured by or for the United States." Rather, the owner must seek compensation in federal claims court against the United States.

Defendant concedes that, ordinarily, it is unnecessary to include an exception for the federal government in an injunction because the Court of Appeals for the Federal Circuit has held that § 1498(a) trumps whatever the injunction says: "The patentee takes his patent from the United States subject to the government's eminent domain rights to obtain what it needs from manufacturers and to use the same." W.L. Gore & Associates, Inc. v. Garlock, Inc., 842 F.2d 1275, 1283 (Fed Cir. 1988). Defendant argues that a modification is needed in this case because most of its sales "to" the government "frequently occur via a reseller and/or distributor to whom Enterasys first sells the product, and who then sells those products to the government." Dkt. #439, at 12.

Defendant's argument is not so much one about the proper scope of the injunction but rather the proper interpretation of § 1498(a). The question is whether a sale to a third party can qualify as one that is "for" the United States. If it does, then § 1498(a) applies and no modification to the injunction is needed. If it does not, then defendant would not be entitled to a modification of the injunction. In any event, defendant fails to develop an argument that § 1498(a) should be extended to cover third party sales. Accordingly, I will deny its request for this modification.

C. Motion to Stay the Injunction

Defendant seeks a stay of the injunction pending resolution of any appeal that it files. This requires a balancing of the harms that defendant will incur if the motion is denied and that plaintiff will incur if the motion is granted. Hilton v. Braunskill, 481 U.S. 770, 776 (1987). In support of its motion, defendant cites the affidavit of its director of product management, who avers that many employees are devoted to the Matrix X router, including engineers, technicians, marketers and sales associates; these jobs will disappear if the injunction issues; and the absence of the Matrix X will make it harder to market its other products and maintain customer relationships. Ottoman Aff. ¶¶26-30, dkt. #442.

Plaintiff does not deny that defendant will suffer a great hardship without a stay and develops no argument regarding any harm it will suffer if a stay is granted. Instead, plaintiff argues in its motion to strike the Ottoman affidavit that defendant waived this issue by failing to submit Ottoman's affidavit in opposition to plaintiff's motion for a permanent injunction. That argument makes little sense. Although there is some overlap in the questions whether a plaintiff is entitled to a permanent injunction and whether the defendant should receive a stay of the injunction on appeal, the two questions obviously arise at different stages of the case and require different analyses.

For starters, the harm to the defendant is less important in the context of a motion

9

for a permanent injunction. As stated in the case plaintiff cites: "One who elects to build a business on a product found to infringe cannot be heard to complain if an injunction against continuing infringement destroys the business so elected." <u>Windsurfing International Inc. v. AMF, Inc.</u>, 782 F.2d 995, 1003 (Fed. Cir. 1986). However, the analysis changes in the context of a request for a stay on appeal because of the chance for reversal. The harms defendant describes are of the type that could leave a significant impact on its business even if it prevails on appeal. Although I disagree with defendant's challenges to the jury's verdict, the court of appeals may see things differently. Accordingly, I will grant defendant's motion for a stay of the injunction pending appeal.

### D. <u>Motion for Supplemental Damages and Interest</u>

The parties agree that plaintiff is entitled to supplemental damages and interest and they agree on the rate of that interest, but they disagree about the amount of damages. Plaintiff says that it is entitled to an additional $82,981 in supplemental damages; defendant says that plaintiff is entitled to supplemental damages of $48,304. The parties agree on a prejudgment daily interest rate of .0134% and a postjudgment daily interest rate of .0039%. (Plaintiff says that "discovery of additional sales from Enterasys will reveal additional sales that may need to be included in an amended judgment," dkt. #460, at 2, but plaintiff has waived that issue by failing to file a separate motion to compel before filing its motion for

supplemental damages.)

Defendant has explained each of its objections in its brief, but plaintiff's brief includes no argument in support of its figure on damages. Because plaintiff has the burden on this issue, I will accept defendant's number.

ORDER

IT IS ORDERED that

1. Defendant Enterasys Networks, Inc.'s motion for a new trial and request for a hearing, dkt. #451, is DENIED.

2. Defendant's motion to modify the permanent injunction, dkt. #438, is GRANTED IN PART. The injunction is AMENDED to allow defendant to use Matrix X routers and X-Pedition routers: (1) to perform diagnostic testing as part of providing customer service to its customers who identify problems with these products to defendant; and (2) in defendant's own internal network. Defendant's motion to modify the injunction is DENIED in all other respects.

3. Plaintiff's motion to modify the injunction, dkt. #446, is DENIED.

4. Under the amended injunction, defendant is ENJOINED as follows:

(a) Defendant, defendant's officers, agents, servants, employees, attorneys and other persons who are in active concert or participation with them who receive actual notice

11

of this order are permanently enjoined from manufacturing, offering to sell, or selling in the United States, or importing into the United States, the X-Pedition 8000, the X-Pedition 8600, and the Matrix X series products, either alone or in combination with any other product and any other existing or future product that is not more than a colorable variation of the X-Pedition 8000, the X-Pedition 8600 and the Matrix X series products;

(b) Defendant, defendant's officers, agents, servants, employees, attorneys and other persons who are in active concert or participation with them who receive actual notice of this order are permanently enjoined from using in the United States, or importing into the United States, the X-Pedition 8000, the X-Pedition 8600, and the Matrix X series products, either alone or in combination with any other product and any other existing or future product that is not more than a colorable variation of the X-Pedition 8000, the X-Pedition 8600 and the Matrix X series products, except that defendant may continue (1) to perform diagnostic testing as part of providing customer service to its customers who identify problems with these products to defendant; and (2) use the infringing products in defendant's own internal network.

(c) With the exception of those products used in conjunction with paragraph 5(b), defendant shall destroy its existing inventory of the X-Pedition 8000, the X-Pedition 8600 and the Matrix X series products within ten days of the final resolution of any

12

appeal by defendant.

(d) Also within 10 days of the resolution of appeal, defendant shall provide written notice of the order and injunction to its officers, agents, servants, employees, attorneys and other persons who are in active concert or participation with them.

5. Defendant's motion to stay the injunction pending appeal, dkt. #440, is GRANTED; plaintiff's motion to strike the declaration of defendant's expert, filed in support of defendant's motions to modify and stay the injunctions, dkt. #448, is DENIED. The injunction is STAYED pending resolution of defendant's appeal.

6. Plaintiff's motion for supplemental damages and interest is GRANTED IN PART. Plaintiff is awarded $48,304 in supplemental damages; $15,297 in prejudgment interest; and postjudgment interest at a rate of $10.38 a day.

7. The clerk of court is directed to enter an amended judgment accordingly.

Entered this 16th day of March, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge