IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EXTREME NETWORKS, INC.,

    Plaintiff,

v.

ENTERASYS NETWORKS, INC.,

    Defendant.

AMENDED JUDGMENT
IN A CIVIL CASE

Case No. 07-cv-229-bbc

---

This matter came before the court and a jury with District Judge Barbara B. Crabb presiding. The issues have been tried and the jury has rendered a verdict.

---

IT IS ORDERED AND ADJUDGED that judgment is entered:

1. In favor of plaintiff Extreme Networks, Inc. and against defendant Enterasys Networks, Inc. in the amount of $201,213.00 on plaintiff's claims that defendant's Matrix X routers infringe claims 21 and 29 of U.S. Patent No. 6,104,700; that the Matrix X, X-Pedition 8000 and X-Pedition 8600 routers infringe claim 15 of U.S. Patent No. 6,678,248; and that the Matrix X, X-Pedition 8000 and X-Pedition 8600 routers infringe claim 5 of U.S. Patent No. 6,859,438;

2. In favor of defendant on plaintiff's claims that the Matrix X, X-Pedition 8000 and X-Pedition 8600 routers infringe claim 1 of the '248 patent and claim 1 of the '438 patent;

3. Limiting plaintiff's damages for infringement to those that plaintiff incurred after it filed this lawsuit on April 20, 2007;

4.  In favor of plaintiff in the amount of $48,304.00 in supplemental damages, $15,297.00 in prejudgment interest, and post judgment interest at a rate of $10.38 per day;

5.  Dismissing with prejudice defendant's counterclaims for infringement of U.S. Patent Nos. 6,041,042 and 5,430,727;

6.  Dismissing without prejudice plaintiff's claims of invalidity of the '042 and '727 patents;

7.  Dismissing defendant's counterclaims that plaintiff's Genesis Mariner ChipSet Products (BlackDiamond 10808); Genesis Olympic ChipSet Products (BlackDiamond 12802R, BlackDiamond 12804R and BlackDiamond 12804C); and Broadcom ChipSet Products (Summit 200-48, Summit 400-48, Summit X250e-48, Summit X450a-48, Summit X450e-48, BlackDiamond 8806, BlackDiamond 8810 and BlackDiamond MSM-G8X) infringe claim 1 of U.S. Patent No. 5,195,181;

8.  Dismissing plaintiff's claims of invalidity of claim 1 of the '181 patent because it is anticipated by prior art or because it is obvious in light of the prior art.

IT IS FURTHER ORDERED AND ADJUDGED that defendant is permanently enjoined as follows:

(a)  Defendant, defendant's officers, agents, servants, employees, attorneys and other persons who are in active concert or participation with them who receive actual notice of this judgment are permanently enjoined from manufacturing, offering to sell, or selling in the United States, or importing into the United States, the X-

Pedition 8000, X-Pedition 8600 and Matrix X series products, either alone or in combination with any other product and any other existing or future product that is not more than a colorable variation of the X-Pedition 8000, X-Pedition 8600 and Matrix X series products;

(b)   Defendant, defendant's officers, agents, servants, employees, attorneys and other persons who are in active concert or participation with them who receive actual notice of this judgment are permanently enjoined from using in the United States, or importing into the United States, the X-Pedition 8000, X-Pedition 8600 and Matrix X series products, either alone or in combination with any other product and any other existing or future product that is not more than a colorable variation of the X-Pedition 8000, X-Pedition 8600 and Matrix X series products, except that defendant may continue (1) to perform diagnostic testing as part of providing customer service to its customers who identify problems with these products to the defendant, and (2) use the infringing products in defendant's own internal network;

(c)   With the exception of those products used in conjunction with paragraph (b), defendant shall destroy its existing inventory of the X-Pedition 8000, X-Pedition 8600 and Matrix X series products within 10 days of the final resolution of any appeal by the defendant;

(d)   Also within 10 days of the resolution of any such appeal, defendant shall provide written notice of the order and injunction to its officers, agents, servants, employees, attorneys and other persons who are in active concert or participation with them.

(e)   The injunction shall run until the expiration of the plaintiff's patents, which is February 3, 2018 with respect to the '700 and '438 patents, and March 16, 2020 with respect to the '248 patent.

Approved as to form this 10th day of November, 2011.

*Barbara B. Crabb*
Barbara B. Crabb
District Judge

*Peter Oppeneer*                                                 11/10/11
Peter Oppeneer                                                   Date
Clerk of Court